# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEVELAND TAFT, III, <br>     Plaintiff, | : <br> : <br> : |
| v. | :      CIVIL ACTION NO. 19-CV-3721 <br> : |
| GEORGE W. HILL, <br>     Defendant. | : <br> : |

## MEMORANDUM

**SLOMSKY, J.**                                                                   **SEPTEMBER 30, 2019**

Plaintiff Cleveland Taft, III brings this civil action based on the conditions at the George W. Hill Correctional Facility, where he was recently incarcerated.[1] He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Taft leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to allow him to file an amended complaint.

## I. FACTS

Taft's Complaint is sparse. He alleges that he was subjected to "inhumane living conditions," while he was incarcerated at the George W. Hill Correctional Facility. (Compl. ECF No. 2 at 3.) The factual basis for that claim appears to be that he was housed in a "3 man cell." (*Id.*) Taft does not allege any injuries and does not state what relief he seeks through this lawsuit. The Court construes the Complaint as asserting constitutional claims pursuant to 42 U.S.C. § 1983 against the facility based on Taft's conditions of confinement.

---

[1] The Court understands references to "George W. Hill" in the Complaint to refer to the George W. Hill Correctional Facility in Delaware County.

1

## II. STANDARD OF REVIEW

The Court will grant Taft leave to proceed *in forma pauperis* because it appears that he cannot afford to pay the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Taft is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. The George W. Hill Correctional Facility is Not Subject to Suit

Taft's claims against the George W. Hill Correctional Facility must be dismissed because "'[t]he George W. Hill Correctional Facility is not a legal entity susceptible to suit.'" *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Accordingly, Taft cannot state a § 1983 claim against the George W. Hill Correctional Facility.

### B. Taft's Claims Fail Substantively

Taft's claims also fail substantively. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."

2

*West v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). As Taft's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158. Additionally, a detainee must generally establish that the defendants acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *Cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-

3

bunking of cells, alone, is not per se unconstitutional."). Instead, in assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g., Hubbard II*, 538 F.3d at 235; *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cnty Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Taft appears to be claiming that his constitutional rights were violated by his placement in a cell that housed three men. Without more, that allegation fails to state a claim because it does not plausibly establish that Taft's conditions of confinement amounted to punishment or deprived Taft of any basic human need such as food, medical care, sanitation, or security. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Accordingly, Taft has not stated a claim for violation of his constitutional rights.

## IV. CONCLUSION

For the foregoing reasons, Taft's Complaint will be dismissed for failure to state a claim. The dismissal is without prejudice and Taft may file an amended complaint in the event he can

4

state a plausible claim against an appropriate defendant or defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.